UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

CASE NO.

SALVATORE SOFIA, *on behalf of himself
and all others similarly situated,*

      Plaintiff,

v.

SOLOMON, VIGH, P.A., *a Florida
Professional Corporation* and
MARVIN SOLOMON, *individually,*

      Defendants.
_____/

## CLASS ACTION COMPLAINT

1. Plaintiff alleges violations of the *Fair Debt Collection Practices Act, 15 U.S.C. §1692 et seq.* ("*FDCPA*").

## JURISDICTION AND VENUE

2. This Court has jurisdiction under the *Fair Debt Collection Practices Act*, pursuant to *28 U.S.C. §1331* and *15 U.S.C. §1692k*.

3. Venue in this District is proper because Plaintiff resides here and Defendants conduct business in this District.

## PARTIES

4. Plaintiff, Salvatore Sofia, ("Plaintiff") is a natural person, and citizen of the State of Florida, residing in Indian River County, Florida.

1

5. Defendant, Solomon, Vigh, P.A., ("Defendant Law Firm") is a Florida Professional Corporation and law firm engaged in the business of collecting consumer debts, which operates from offices located at 1702 N. Florida Avenue, Tampa, Florida 33602.

6. Defendant Marvin Solomon ("Defendant Solomon") is an attorney and member of the Florida Bar and is engaged in the business of collecting consumer debts, who operates from offices located at 1702 N. Florida Avenue, Tampa, Florida 33602.

7. Defendant Law Firm and Defendant Solomon shall herein be collectively referred to as "Defendants."

8. Defendants regularly use the United States Postal Service and telephone in the collection of consumer debts.

9. Defendants regularly collect or attempt to collect consumer debts for other parties. Defendants are "debt collectors" as defined by the *FDCPA*.

10. At all times material to the allegations of this Complaint, Defendants were acting as debt collectors with respect to the collection of Plaintiff's alleged debt.

## FACTUAL ALLEGATIONS

11. Defendants sought to collect a consumer debt from Plaintiff arising from a contract between Plaintiff and Ford Motor Credit Company. More specifically the debt at issue was an installment contract for a vehicle. The vehicle was not used for any commercial purpose. The debt was incurred primarily for personal, household or family use.

12. On or about April 6, 2016, Defendants mailed Plaintiff a letter seeking payment of the alleged debt. (The "Demand Letter" is attached hereto as "Exhibit 1").

13. The Demand Letter stated in part:

Principal balance due:     $12,063.25

xxxx

> Our client alleges that it has a claim against you for the **total above amount** arising out of a contract between you and my client, as assignee.

(Emphasis added).

14. The Demand Letter then sought to provide the disclosures required by *15 U.S.C. § 1692g(a)*.

15. The Demand Letter was signed by Defendant Solomon.

16. The Demand Letter was Defendants' initial communication with Plaintiff with respect to the debt alleged therein.

17. On or about September 9, 2016, Defendants caused to a filed a complaint in Brevard County Court, Florida, Civil Division bearing case number 05-2016-cc-040656, seeking payment of the alleged debt. The "Complaint" is attached hereto as "Exhibit 2."

18. The Complaint stated in part:

> Defendant owes Plaintiff $12,063.25, **plus interest**, which after repeated demands by Plaintiff, Defendant has failed to pay.
>
> xxxx
>
> WHEREFORE, Plaintiff demands judgment against the Defendant in the sum of $12,063.25 **plus interest**, attorney's fees, and court costs.

(Emphasis added).

19. *15 U.S.C. §1692g(a)* states:

> Validation of debts.
>
> (a) Notice of debt; contents. Within five days after the initial communication with a consumer in connection with the collection of any debt, a debt collector shall, unless the following information is contained in the initial

3

> communication or the consumer has paid the debt, send the consumer a written notice containing-
>
> (1) **the amount of the debt**;
> (2) the name of the creditor to whom the debt is owed;
> (3) a statement that unless the consumer, within thirty days after receipt of the notice, disputes the validity of the debt, or any portion thereof, the debt will be assumed to be valid by the debt collector;
> (4) a statement that if the consumer notifies the debt collector in writing within the thirty-day period that the debt, or any portion thereof, is disputed, the debt collector will obtain verification of the debt or a copy of a judgment against the consumer and a copy of such verification or judgment will be mailed to the consumer by the debt collector; and
> (5) a statement that, upon the consumer's written request within the thirty-day period, the debt collector will provide the consumer with the name and address of the original creditor, if different from the current creditor.
>
> (Emphasis added).

20. Defendants' Demand Letter stated in part:

    Principal balance due:       $12,063.25

                                    xxxx

    Our client alleges that it has a claim against you for the **total above amount** arising out of a contract between you and my client, as assignee.

    (Emphasis added).

21. Defendants' Complaint stated the amount due from Plaintiff was $12,063.25 "plus interest."

22. Defendants' Demand Letter did not notify the Plaintiff of the correct amount of the debt in violation of *15 U.S.C. § 1692g(a)(1)*. The Demand Letter demanded payment of $12,063.25, but Plaintiff's actual debt is for an amount greater than stated in the Demand Letter

4

as the amount of interest accrued on the debt was not calculated and added to the balance Defendants sought to collect in the Demand Letter.

23. Defendants' Demand Letter falsely represented the amount of the debt in violation of *15 U.S.C. § 1692e(2)(A)*.

24. Any potential *bona fide* error defense which relies upon Defendants' mistaken interpretation of the legal duties imposed upon it by the *FDCPA* would fail as a matter of law.

## CLASS ACTION ALLEGATIONS

25. This action is brought on behalf of a Class consisting of (i) all persons with addresses in the State of Florida (ii) to whom initial communication letters were sent or caused to be sent by either or both Defendants (iii) that stated only the principal amount of the loan due rather than the correct amount of the total alleged debt (iv) that were mailed, delivered or caused to be served by either or both Defendants (v) that were not returned undeliverable by the U.S. Post Office (vi) and to whom Defendants later caused to be filed a complaint against the individual seeking payment of the debt plus interest (vii) in an attempt to collect a debt incurred for personal, family, or household purposes (viii) during the one year period prior to the filing of the original Complaint in this action through the date of certification.

26. Plaintiff alleges on information and belief that Defendants' practice of sending initial communication letters improperly stated the amount of the debt because it did not include the amount of interest accrued on the debt, in the initial communication letters, mailed, delivered or caused to be served upon the Class is so numerous that joinder of all members of the Class is impractical.

27. There are questions of law or fact common to the Class. The common issues predominate over any issues involving only individual Class members. The common legal and

factual issue to each Class member is that each was sent or caused to be sent an initial communication letter by Defendants that violated *15 U.S.C. § 1692g(a)(1)* because the letter improperly stated the amount of the debt because it did not include the amount of interest accrued on the debt.

28.  Plaintiff's claim is typical of those of the Class members. All are based on the same facts and legal theories.

29.  Plaintiff will fairly and adequately protect the interests of the Class. He has retained counsel experienced in handling actions involving unlawful practices under the *FDCPA* and Class actions. Neither Plaintiff nor his counsel have any interests which might cause them not to vigorously pursue this action.

30.  Certification of the Class under *Rule 23(b)(3)* of the *Federal Rules of Civil Procedure* is also appropriate in that:

> (1) The questions of law or fact common to the members of the class predominate over any questions affecting an individual member.
>
> (2) A class action is superior to other available methods for the fair and efficient adjudication of the controversy.

31.  Plaintiff requests certification of a Class under *Rule 23(b)(3),* of the *Federal Rules of Civil Procedure*, for monetary damages; his appointment as Class Representative; and that his attorney Leo W. Desmond be appointed Class Counsel.

**COUNT I**
**CLASS CLAIM AGAINST DEFENDANTS**
**VIOLATION OF *15 U.S.C. § 1692g(a)(2)***

32.  Plaintiff re-alleges Paragraphs 1 through 24.

33. After an initial communication with Plaintiff, pursuant to *15 U.S.C § 1692g(a)(1)* the Defendants must provide the Plaintiff with:

> (a) Notice of debt; contents. Within five days after the initial communication with a consumer in connection with the collection of any debt, a debt collector shall, unless the following information is contained in the initial communication or the consumer has paid the debt, send the consumer a written notice containing-
>
> **(1) the amount of the debt;**
>
> (Emphasis added).

34. Defendants sent or caused to be sent the Demand Letter to Plaintiff that either incorrectly stated the total amount of Plaintiff's debt or did not attempt to state the total amount of the Plaintiff's debt.

35. The amount of the debt Defendants sought to collect in its Complaint is for an amount greater than the amount stated in the Demand Letter.

36. Pursuant to the *FDCPA,* the Demand Letter is the initial communication between Defendants and Plaintiff.

37. Defendants' Demand Letter did not notify the Plaintiff of the correct amount of the debt in violation of *15 U.S.C. § 1692g(a)(1).* The Demand Letter demanded payment of $12,063.25, but Plaintiff's actual debt is for an amount greater than stated in the Demand Letter as the amount of interest accrued on the debt was not calculated and added to the balance Defendants sought to collect in the Demand Letter, yet seeks to collect in the Complaint filed by Defendants.

38. As a result of Defendants' conduct, Plaintiff and the Class are entitled to an award of statutory damages pursuant to *15 U.S.C. § 1692k*.

39. As a result of Defendants' conduct Plaintiff and the Class are entitled to an award of costs and attorney's fees pursuant to *15 U.S.C. § 1692k*.

**COUNT II**
**CLASS CLAIM AGAINST DEFENDANTS**
**VIOLATION OF *15 U.S.C. § 1692e(10)***

40. Plaintiff re-alleges Paragraphs 1 through 24 and 33 through 37.

41. Pursuant to *15 U.S.C. § 1692g(a)(2)* the Defendants must provide the Plaintiff with:

> (a) Notice of debt; contents. Within five days after the initial communication with a consumer in connection with the collection of any debt, a debt collector shall, unless the following information is contained in the initial communication or the consumer has paid the debt, send the consumer a written notice containing-
>
> xxxx
>
> (1) the amount of the debt;

42. *15 U.S.C. § 1692e(10)* states:

> A debt collector may not use any false, deceptive, or misleading representation or means in connection with the collection of any debt. Without limiting the general application of the foregoing, the following conduct is a violation of this section:
>
> xxxx
>
> (10) The use of any false representation or deceptive means to collect or attempt to collect any debt or to obtain information concerning a consumer.

43. Defendants sent, or caused to be sent, the Demand Letter to Plaintiff that purported to state the amount of Plaintiff's debt.

44. The amount of the debt Defendants sought to collect in its Complaint is for an amount greater than the amount stated in the Demand Letter.

45. The Demand Letter was an initial communication used in the collection of a debt between Defendants and Plaintiff.

46. Defendants' Demand Letter is misleading and false as it did not did not notify the Plaintiff of the correct amount of the debt. The Demand Letter demanded payment of $12,063.25,

8

but Plaintiff's actual debt is for an amount greater than stated in the Demand Letter as the amount of interest accrued on the debt was not calculated and added to the balance Defendants sought to collect in the Demand Letter, yet seeks to collect in the Complaint filed by Defendants.

47. Defendants' Demand Letter would be deceptive to the least sophisticated consumer with regard to his/her legal rights.

48. As a result of Defendants' conduct, Plaintiff and the Class are entitled to an award of statutory damages pursuant to *15 U.S.C. § 1692k*.

49. As a result of Defendants' conduct, Plaintiff and the Class are entitled to an award of costs and attorney's fees pursuant to *15 U.S.C. § 1692k*.

## COUNT III
## VIOLATION OF AND *15 U.S.C. § 1692e(2)(A)*

50. Plaintiff re-alleges Paragraphs 1 through 24, 33 through 37 and 41 through 47.

51. The Demand Letter was an initial communication used in the collection of a debt between Defendants and Plaintiff.

52. *15 U.S.C. § 1692e(2)(A)* states:

> A debt collector may not use any false, deceptive, or misleading representation or means in connection with the collection of any debt. Without limiting the general application of the foregoing, the following conduct is a violation of this section:

xxxx

(2) The false representation of –

   (A) the character, amount, or legal status of any debt;

53. Defendants' Demand Letter falsely represented the amount of the alleged debt in violation of *15 U.S.C. § 1692e(2)(A)*.

54. Defendants' Demand Letter did not include the amount of interest accrued on Plaintiff's debt in the amount they sought to collect from Plaintiff.

9

55. As a result of Defendants' conduct, Plaintiff and the Class are entitled to an award of statutory damages pursuant to *15 U.S.C. §1692k*.

56. As a result of Defendants' conduct, Plaintiff and the Class are to an award of costs and attorney's fees pursuant to *15 U.S.C. §1692k*.

### **RELIEF REQUESTED**

WHEREFORE, Plaintiff prays for the following relief:

a. An Order certifying the *FDCPA* matter as a Class Action and appointment of Plaintiff as Class Representative;

b. An Order appointing Leo W. Desmond as Class Counsel;

c. An award of statutory damages for Plaintiff and the Class pursuant to *15 U.S.C. §1692k* for all Class claims;

d. An award of attorney's fees, litigation expenses and costs of the instant suit;

e. Any and all prejudgment interest rendered by law; and

Such other and further relief as the Court deems proper.

Dated: December 14, 2016.

Respectfully submitted,

By:/s/ *Leo W. Desmond*
Leo W. Desmond, Esq.
Florida Bar No. 0041920
DESMOND LAW FIRM, P.C.
5070 Highway A1A
Suite D
Vero Beach, Florida 32963
Telephone: 772.231.9600
Facsimile: 772.231.0300
lwd@verobeachlegal.com
*Attorney for Plaintiff*

        */s/ Sovathary K. Jacobson*
        Sovathary K. Jacobson, Esq.
        Florida Bar No. 102200
        DESMOND LAW FIRM, P.C.
        5070 Highway A1A
        Suite D
        Vero Beach, Florida 32963
        Telephone: 772. 231.9600
        Facsimile: 772.231.0300
        jacobson@verobeachlegal.com
        *Attorney for Plaintiff*